### ONETO vs. DELAUNY ET AL.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

The responsibility of the depositary extends to third persons when the thing deposited does not belong to the depositor.

A cause will not be remanded on the ground of error in the charge of the judge as to defendant's responsibility, if on the trial it did not appear that the plaintiff had taken the steps necessary to fix that responsibility,

The obligation of a depositary to a third person who is the owner of the thing deposited, can be produced only by the service of legal process.

The word "opposition" in the La. Code, art. 2926, refers only to opposition through and by the authority of a court.

On the 25th of May, 1832, the plaintiff shipped at New-Orleans a quantity of merchandise for St. Martinsville, by the steam boat Shepherdess. On landing the freight a box of Irish linens invoiced at $300 31 belonging to the plaintiff was missing. The plaintiff charges, that through error or fraud, this box was carried to the house of the defendants either by them or by some person unknown to the plaintiff. The petition avers that the defendants refused to deliver the box of linens to the plaintiff, although they knew

WESTERN DIS
*September*, 1833.

ONETO
vs.
DELAUNY
ET AL.

it belonged to him.   Judgment was prayed for the value according to the invoice, and for $120 the estimated loss of profits which would have accrued to plaintiff from his sale of the linens.

The general denial was pleaded, and the cause was submitted to a jury.

*Bruno*, a witness testified, that at the first time when the plaintiff visited the defendant's house in search of the box of linens, he described it to Mrs. Delauny, who requested him to look for it.   She afterwards said to witness, that while plaintiff had been searching the house, the box of linens was concealed under the matrass.

A bill of exceptions to the charge of the judge was taken by the plaintiff, which is set forth in the opinion of the court.

The jury first returned the following facts as a special verdict.   "According to the testimony of Mr. Bruno, the box of merchandise claimed by the plaintiff, has been carried by some person unknown to them, to the defendant's house; but that the defendant, Madam Delauny, is incapable of having kept it for her own use; and that therefore it must have been taken from the defendant's house by a third person unknown to them."   It being suggested to the jury, that this return was incomplete, they again retired, and afterwards found a general verdict for the defendant.

The plaintiff moved for a new trial on the grounds that the jury had found the facts as above stated; and that their last verdict was contrary to law and evidence.

The motion was overruled, and judgment rendered in conformity with the verdict.   The plaintiff appealed.

PORTER, J., delivered the opinion of the court.

The plaintiff charges that a box of goods belonging to him was shipped from New-Orleans to St. Martinsville, and that through error or fraud they came into the possession of the defendants, who refused to deliver them to him.

The general issue was formed by the answer, and the

WESTERN DIS
September, 1833.
ONETO
vs.
DELAUNY
ET AL.

cause tried before a jury, who found a verdict for the defendant. The plaintiff appealed.

On the trial the judge charged the jury "that if they were of opinion the case of goods described in the petition was deposited by another than the plaintiff with defendants, the court instruct the jury, that a delivery to the depositor does not make the defendants liable, though they may have been claimed by the plaintiff as the obligations of the defendants as depositaries were only due from them to the individual depositing."

This doctrine in the terms used by the judge, is not correct. The responsibility of the depositary is too much limited. His obligations are not due *alone* to the individual depositing, they are also due to the third person where the thing deposited does not belong to the depositor. But

The responsibility of the depositor extends to third persons when the thing deposited does not belong to the depositor.

although the law was thus inaccurately expounded to the jury, we do not think the cause should be remanded. The charge of the judge did not at all affect the legal rights of the plaintiff before the jury, because the evidence shows beyond all

A cause will not be remanded on the ground of error in the charge of the judge as to defendant's responsibility, if on the trial it did not appear that the plaintiff had taken the steps necessary to fix that responsibility.

doubt, that he did not take those steps necessary *to create* responsibility on the part of the defendants to him. It was not attempted to be shown, it is on the contrary proved, that no other opposition was made to the delivery of the goods save that which resulted from the petition verbally asserting a claim to the box containing them. This in our opinion did not produce any obligation on the part of the defendants to the plaintiffs. The interposition of legal process was necessary to produce it. The *art.* 2926 of the *La. Code* provides, that the object deposited must be restored to the depositor,

The obligation of a depository to a third person who is the owner of the thing deposited, can be produced only by the service of legal process.

"unless there be in the hands of the depositary *an attachment* on the property, or *an opposition* made by the owner." The word *opposition* is in our judgment here used technically, and must be understood in the same, sense it is so frequently employed in the *Code of Practice*, namely, an opposition through and by the authority of a court of justice. The depositor is *prima facie* the owner of the thing deposited, and the posses-

The word "opposition" in the *La. Code, art.* 2926, refers only

sion of the depositary is his possession. We cannot therefore believe it was the intention of the Legislature to

deprive the presumed owner of the enjoyment of his property, on the mere assertion of a right to it by another. Indeed such a construction would lead to this strange result, that although the depositor could not be deprived of the goods while he kept them in his own hands, without a writ of sequestration obtained at the suit of the claimant, he could be deprived of them if they were placed by him in the hands of a third person, though the possession of that person was confessedly his. Independant of this consideration, it is obvious that the contrary rule would give rise to, and frequently produce the most scandalous collusion between the depositaries and third parties.

*to opposition through and by the authority of a court.*

This opinion renders it unnecessary to examine the effect of the verdict which was first rendered. By the terms of that verdict, the same question of law is presented as that suggested by the bill of exceptions to the judge's charge, which has just been examined.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

*Simon*, for plaintiff and appellant.