## LEDOUX et al. *v.* ANDERSON et al.

Where a factor is notified that cotton consigned to him by a third person, was made on plain-
tiffs' plantation and belongs to them, and is directed not to pay over the proceeds without
their consent, the notice will render the factor liable for any subsequent payment made to
the consignor, not depending on a superior right. Art. 2926 of the Civil Code is inapplicable
to the liability of factors receiving goods for sale. Their liability is fixed by commercial
usage.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Wharton*, for the appellants. *Benjamin* and *Micou*, for the defendants. The judgment of the court was pronounced by

ROST, J. This is an action for the proceeds of several parcels of cotton, shipped to the defendants, as factors, under the following circumstances: The plaintiffs purchased a plantation, with a crop of cotton then hanging by the roots upon it. Certain articles of agreement were subsequently reduced to writing, by which *J. A. Cotton*, the former owner of the land, was to gather the crop and prepare it for market with his hands, and ship it to *M. D. Cooper & Co.*, factors, in New Orleans, for sale; out of the proceeds, the plaintiffs were to receive $5,000, and afterwards to convey the land back to him, on the conditions agreed on between them. This agreement never was signed by the parties. *Cotton* gathered the crop with his hands, and shipped 104 bales of it to the defendants, at different times. The plaintiffs having been apprised of these shipments, notified the defendants not to dispose of the proceeds without their concurrence, as the cotton came from their plantation in West Feliciana, and had been shipped to them by *Cotton*, without authority. They stated, at the same time, that they did not object to the defendants, as factors. The defendants, after being thus notified, made advances to *J. A. Cotton*, to the amount of $981 28, and were authorised by him to pay over to the plaintiffs the balance in their hands. The plaintiffs obtained a judgment for that balance in the court below, and being dissatisfied with it they appealed.

It is unnecessary to determine whether parol evidence was properly received in support of any part of an agreement contemplating a transfer of real estate. The shipments made by *Cotton* to the defendants, in his own name, were a direct violation of his contract, and he cannot claim their proceeds under it. We cannot consider him as a partner. The light most favorable to the defendants in which he can be viewed is, that of agent of the plaintiffs; and there can be no doubt of the legal right of the latter to intercept the funds in the hands of the defendants, by giving them notice not to pay them over to him. That notice renders them liable for any subsequent payment made to the agent, and not depending on a superior right. Story on Agency, § 429. In cases of ordinary deposit, where the thing deposited is to be returned, art. 2926 of the Civil Code requires the depositary to return the deposit in all cases, unless it is arrested in hands by legal process, at the suit of a third person. The decision in the case of *Oneto* v. *Delaunay*, 6 La. 32, was made upon that article, and is inapplicable to the liability of factors receiving goods for sale. That liability is fixed by commercial usage.

The defendants must account to the plaintiffs for the amount of the advances made by them to *Cotton*, after they were notified.

It is, therefore, ordered, that the judgment in this case be reversed, and that there be judgment in favor of the plaintiffs, and against the defendants, for $1,682 20, with interest at the rate of five per cent per annum, from the 4th January, 1845, till paid, and costs in both courts.