LAND, J.
The Canal-Louisiana Bank & Trust Company was appointed, under Act No. 45 of 1902, tutor ad bona of the minor, Carl X. Brownlee, and has, under the provisions of said statute, “only the care, custody and administration of the property of such minor”; and the care and custody of the person of the minor is to be confided to such person as by law would be otherwise entitled to the tutorship. The property of the minor consists of bonds, securities, and money allotted to him in the partition of his grandmother’s succession, as representing his deceased mother, Mrs. Eugenie M. Hart, wife of Charles X. Brownlee, an officer in the army of the United States in the Phil-, ippine Islands.
In the proceeding for a partition it was represented that said minor was temporarily residing in the staté of California and that his father resided out of the state.
A tutor ad hoc was appointed to represent the minor in the partition proceedings, and after the division was made the said tutor ad hoc, by order of court, deposited the share of the minor in the judicial depositary, the Metropolitan Bank of the City of New Orleans, subject to the further orders of the court.
After having been appointed tutor of SRid minor, the Canal-Louisiana Bank & Trust Company, ruled the said judicial depositary to show cause why it should not be ordered to turn over to said tutor the property of said minor held on deposit subject to the orders of the court.
The judicial depositary for answer averred that the mover in the rule was not the tutor of said minor, or authorized to receive said property, for the following reasons:
*836 “(1) That the father of said minor is living, and therefore no one else could be appointed as tutor.
“(2) That the appointment of a tutor in these proceedings is contrary to the rule of this court.
“(3) That the said minor does not reside in the state of Louisiana, and his father has never resided here, and therefore the civil district court is totally without jurisdiction to appoint a tutor to said minor.”
The rule was tried and made absolute, and the judicial depositary has appealed.
We do not think that the judicial depositary, which holds the property subject to the orders of the court, can contest the authority of that tribunal to order the deposit to be turned over to the tutor.
The judicial depositary will be protected by the orders of the court, and is without interest to collaterally attack the appointment of the tutor of the minor, or to champion the rights of the father of the minor. The law is imperative that “the deposit must be restored to the depositor as soon as he demands it,” unless the property be attached in the hands of the depositary, or opposition be made by a third person by service of legal process. Civ. Code, art. 2955; Oneto v. Delauny, 6 La. 32.
It is therefore ordered that the judgment below be affirmed, and that the appellant pay costs of appeal.